IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS, INC. and<br>CISCO TECHNOLOGY, INC.<br><br>　　　　Plaintiffs,<br>　　v.<br><br>TELCORDIA TECHNOLOGIES, INC.<br><br>　　　　Defendant. | )<br>)<br>)　CA. No. 07-113-GMS<br>)<br>)<br>)　JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

**TELCORDIA'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO CISCO'S ORIGINAL COMPLAINT**

Defendant Telcordia Technologies, Inc. ("Telcordia") answers the Complaint for Patent Infringement ("Complaint") of Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (collectively, "Cisco"), the due date for Telcordia's Answer having been extended to April 16, 2007.

**THE PARTIES**

1.　Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies the allegations of Paragraph 1.

2.　Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies the allegations of Paragraph 2.

3.　Telcordia admits that Telcordia Technologies, Inc. is a Delaware corporation, having a principal place of business at One Telcordia Drive, Piscataway, New Jersey 08854.

## JURISDICTION AND VENUE

4. Telcordia admits that the Complaint purports to bring an action for patent infringement for which this Court would have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. Telcordia denies any and all remaining allegations of Paragraph 4.

5. Telcordia admits that it has conducted and does conduct business within the State of Delaware. Telcordia denies any and all remaining allegations of Paragraph 5.

6. Telcordia admits that Cisco purports to base venue in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Telcordia denies any and all remaining allegations of Paragraph 6.

## ALLEGED CAUSE OF ACTION FOR PATENT INFRINGEMENT

7. Telcordia incorporates its response to Paragraphs 1 through 6 as fully set forth herein.

8. Telcordia admits that, on its face, U.S. Patent No. 5,142,622 ("the '622 Patent") lists Gary L. Owens as an inventor, and is entitled "System for Interconnecting Applications Across Different Networks of Data Processing Systems By Mapping Protocols Across Different Network Domains." Telcordia further admits that Exhibit A purports to be a copy of the '622 patent. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Cisco Systems owns the '622 Patent and holds all right, title, and interest in the '622 Patent, including the rights to sue for infringement and seek damages and injunctive relief," and therefore denies these allegations. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies any and all remaining allegations of Paragraph 8.

9. Telcordia admits that, on its face, U.S. Patent No. 6,377,988 B1 ("the '988 Patent") lists Adam Spector and Paul Abraham as inventors, and is entitled "Controlling Elements of a Telecommunications Network." Telcordia further admits that Exhibit B purports to be a copy of the '988 patent. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Cisco Technology owns the '988 Patent and holds all right, title, and interest in the '988 Patent, including the rights to sue for infringement and seek damages and injunctive relief," and therefore denies these allegations. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies any and all remaining allegations of Paragraph 9.

### RESPONSE TO FIRST CLAIM, PATENT INFRINGEMENT

10. Telcordia denies each and every of the allegations of Paragraph 10.

11. Telcordia denies each and every of the allegations of Paragraph 11.

12. Telcordia denies each and every of the allegations of Paragraph 12.

### RESPONSE TO SECOND CLAIM, PATENT INFRINGEMENT

13. Telcordia denies each and every of the allegations of Paragraph 13.

14. Telcordia denies each and every of the allegations of Paragraph 14.

15. Telcordia denies each and every of the allegations of Paragraph 15.

### PRAYER FOR RELIEF

Telcordia denies that Cisco is entitled to any of the relief prayed for in its Complaint.

### JURY DEMAND

Telcordia does not object to a trial by jury on all issues and claims so triable.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Telcordia alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

16.     The asserted claims of the '622 Patent and '988 Patent (collectively, "the Asserted Patents") are invalid and/or unenforceable for failure to meet the requirements of one or more sections of Title 35, United States Code, including particularly, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 116.

### SECOND AFFIRMATIVE DEFENSE

17.     Telcordia has not infringed and is not infringing, either literally or under the doctrine of equivalents, any claims of the Asserted Patents directly, contributorily, or by inducement.

### THIRD AFFIRMATIVE DEFENSE

18.     Upon information and belief, Cisco's claims under the Asserted Patents are barred by laches, estoppel, waiver and/or acquiescence. Telcordia alleges that the Asserted Patents, prosecution history, and/or the prior art precludes Cisco from asserting a construction of any claim of the Asserted Patents that would cover any products and methods of Telcordia.

### FOURTH AFFIRMATIVE DEFENSE

19.     Upon information and belief, Cisco, its predecessors-in-interest, and/or licensees have failed to comply with the marking and/or notice requirements of 35 U.S.C. § 287.

Telcordia reserves the right to assert additional affirmative defenses and counterclaims after further investigation, including defenses related to validity and enforceability.

## COUNTERCLAIMS

Telcordia asserts the following counterclaims:

### THE PARTIES

20. Counterclaim-Plaintiff Telcordia is a corporation organized under the laws of the State of Delaware, with a principal place of business in Piscataway, New Jersey.

21. Cisco Systems, Inc. and Cisco Technology, Inc. (collectively, "Cisco") each state in Paragraphs 1 and 2 of its Complaint that it is a corporation organized under the laws of the State of California, with its principal place of business at 170 West Tasman Drive, San Jose, California 95134.

### JURISDICTION AND VENUE

22. Upon information and belief, Cisco resides in California and in this judicial district for purposes of 28 U.S.C. § 1391.

23. There is an actual controversy between Telcordia and Cisco regarding invalidity, unenforceability, and noninfringement of the Asserted Patents because Cisco has asserted that Telcordia infringes those patents.

24. Upon information and belief, venue in this judicial district for the following counterclaim of Telcordia is proper because Cisco has consented to this venue by asserting and filing claims of patent infringement against Telcordia.

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

25. This counterclaim states a claim arising under the patent laws and antitrust laws of the United States, and is an action for declaratory judgment of patent invalidity, unenforceability, and noninfringement under 28 U.S.C. §§ 2201 and 1338(a).

26. Telcordia seeks a declaration that it has not infringed and is not infringing any of the Asserted Patents, directly, contributorily, or by inducement.

27. Telcordia seeks a declaration that the asserted claims of the Asserted Patents are invalid and/or unenforceable for failure to meet the requirements of one or more sections of Title 35, United States Code, including particularly, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 116.

## PRAYER FOR RELIEF

WHEREFORE, Telcordia prays for a final judgment against Cisco and respectfully requests the following relief:

A. A judgment that the Complaint be dismissed with prejudice and that all relief requested by Cisco be denied;

B. A judgment that Telcordia has not and does not infringe, either literally or under the doctrine of equivalents, any claims of the Asserted Patents directly, contributorily, or by inducement;

C. A judgment that the asserted claims of the Asserted Patents are invalid and unenforceable;

D. A judgment that this is an exceptional case under 35 U.S.C. § 285, awarding Telcordia its costs and reasonable attorney fees incurred in this action; and

E. A judgment awarding Telcordia such other and further relief in law or equity as the Court deems just and proper.

## JURY DEMAND

Telcordia demands a trial by jury on all of its claims, defenses, and counterclaims so triable.

<div style="display: flex;">

<div>

*Of Counsel:*

Vincent P. Kovalick
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: April 16, 2007
179740.1

</div>

<div>

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Ave., 8th Fl.
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant
Telcordia Technologies, Inc*

</div>

</div>