IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CISCO SYSTEMS, INC., and <br> CISCO TECHNOLOGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TELCORDIA TECHNOLOGIES, INC. <br><br> Defendant. | Civil Action No. 07-113-GMS <br><br> **DEMAND FOR JURY TRIAL** |

## CISCO'S ANSWER AND DEFENSES TO TELCORDIA'S COUNTERCLAIMS

Plaintiffs Cisco Systems, Inc. ("Cisco Systems") and Cisco Technology, Inc. ("Cisco Technology") (collectively "Cisco"), by and through their undersigned counsel, hereby respond to the Counterclaims for Declaratory Judgment of Defendant Telcordia Technologies, Inc. ("Telcordia") by admitting, denying, and alleging as follows (for ease of reference Cisco begins with paragraph number 20, which is the first numbered paragraph of Telcordia's Counterclaims):

### THE PARTIES

20.     Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of Telcordia's Counterclaims and therefore denies those allegations.

21.     Cisco admits that it resides in California. Except as so admitted, Cisco denies any remaining allegations in paragraph 21 of Telcordia's Counterclaims.

### JURISDICTION AND VENUE

22.     Cisco admits that venue in this district is proper under 28 U.S.C. § 1391.

23.     Cisco admits that an actual controversy exists between Cisco and Telcordia as to whether the Asserted Patents are valid, enforceable and infringed by Telcordia. Except as so admitted, Cisco denies any remaining allegations in paragraph 23 of Telcordia's Counterclaims.

24. Cisco admits that venue in this judicial district is proper for the adjudication of Telcordia's Counterclaims. Except as so admitted, Cisco denies any remaining allegations in paragraph 24 of Telcordia's Counterclaims.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

25. Cisco admits that Telcordia purports to allege a cause of action for declaratory judgment of patent invalidity, uneforceability, and noninfringement under 28 U.S.C. §§ 2201 and 1338(a). Except as so admitted, Cisco denies any remaining allegations in paragraph 25 of Telcordia's Counterclaims.

26. Cisco admits that Telcordia seeks a declaration that it has not infringed and is not infringing any of the Asserted Patents, directly, contributorily, or by inducement. Except as so admitted, Cisco denies any remaining allegations in paragraph 26 of Telcordia's Counterclaims.

27. Cisco admits that Telcordia seeks a declaration that the asserted claims of the Asserted Patents are invalid and/or unenforceable for failure to meet the requirements of one or more sections of Title 35, United States Code. Except as so admitted, Cisco denies any remaining allegations in paragraph 27 of Telcordia's Counterclaims.

## PRAYER FOR RELIEF

28. Cisco denies that Telcordia is entitled to the relief it seeks in its Prayer for Relief.

## CISCO'S DEFENSES

29. In addition to the defenses described below, Cisco reserves the right to allege additional defenses as they become known through the course of discovery.

30. Telcordia's Counterclaims are barred in whole or in part because they fail to state a claim on which relief can be granted.

31. Telcordia's claims are barred in whole or in part because Telcordia has not suffered, and will not suffer, any detriment, injury or damage.

## PRAYER FOR RELIEF

WHEREFORE, Cisco prays for judgment as follows:

A. That Telcordia's Counterclaims and all claims asserted against Cisco be dismissed with prejudice, that Judgment be entered in favor of Cisco, and that Telcordia take nothing;

B. That Telcordia be adjudged to have infringed the '622 and '988 Patents;

C. That Telcordia, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the '622 and '988 Patents;

D. An award of damages to compensate Cisco for Telcordia's infringement, pursuant to 35 U.S.C. § 284, said damages to be trebled because of Telcordia's willful infringement;

E. An assessment of pre-judgment and post-judgment interest and costs against Telcordia, together with an award of such interest and costs;

F. That Telcordia be directed to pay Cisco's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

G. That Cisco have such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Cisco demands a trial by jury on all issues triable as of right by a jury in this Action.

                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                    */s/ Jack B. Blumenfeld (No. 1014)*

                    Jack B. Blumenfeld (No. 1014)
                    Leslie A. Polizoti (No. 4299)
                    1201 North Market Street
                    P.O. Box 1347
                    Wilmington, DE  19899-1347
                    (302) 658-9200
                      *Attorneys for Plaintiffs*
                      *Cisco Systems, Inc. and Cisco Technology, Inc.*

*Of Counsel:*
Matthew D. Powers
Edward R. Reines
WEIL, GOTSHAL & MANGES
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

Paul E. Torchia
WEIL, GOTSHAL & MANGES
767 Fifth Avenue
New York, NY  10153
(212) 310-8000

May 7, 2007
820822

**CERTIFICATE OF SERVICE**

I, Jack B. Blumenfeld, hereby certify that on May 7, 2007 I electronically filed the foregoing document, which will send notification of such filing(s) to the following:

Steven J. Balick
John G. Day
Ashby & Geddes

I also certify that copies were caused to be served on May 7, 2007 upon the following in the manner indicated:

**BY HAND**

Steven J. Balick
John G. Day
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE  19899

**BY FEDERAL EXPRESS**

Vincent P. Kovalick
Finnegan, Henderson, Farabow
 Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001

*/s/ Jack B. Blumenfeld (No. 1014)*
_____
jblumenfeld@mnat.com (#1014)