IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS, INC., and CISCO TECHNOLOGY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TELCORDIA TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No. 07-113-GMS |

**JOINT STATUS REPORT**

Pursuant to the Court's July 20, 2007 Notice of Rule 16 Scheduling Conference (D.I. 9), Fed. R. Civ. P. 16, and Local Rule 16.2(b), counsel for Cisco Systems, Inc. and Cisco Technology, Inc. (collectively "Cisco") and counsel for Telcordia Technologies, Inc. ("Telcordia") submit this Joint Status Report in preparation for the Status and Scheduling Conference before the Court on July 24, 2007. Counsel will appear and be prepared to further discuss these and other matters that the Court may raise.

## I. JURISDICTION AND VENUE

The parties agree that the Court has jurisdiction over the subject matter of, and the parties to, this action. No additional parties remain to be served.

## II. SUBSTANCE OF ACTION

Plaintiff Cisco filed this action on February 23, 2007 against defendant Telcordia charging Telcordia with willful infringement of two Cisco patents. (D.I. 1).

Cisco claims that certain Telcordia communication network products infringe Cisco's U.S. Patent Nos. 5,142,622 ("the '622 Patent") and 6,377,988 ("the '988 Patent")

(collectively "the Cisco patents"). The accused Telcordia products include Telcordia's Granite Inventory, Telcordia Element Communicator CE, and NMA System CE.

Telcordia filed an Answer and Counterclaims on April 16, 2007 in response to Cisco's complaint. (D.I. 7). Telcordia denies that it has infringed any of the Cisco patents and asserts counterclaims alleging that the Cisco patents are invalid and unenforceable for inequitable conduct, and that Cisco's claims and damages are barred by the following affirmative defenses: laches, estoppel, waiver, acquiescence, and marking. Finally, Telcordia seeks a declaratory judgment that the Cisco patents are invalid, unenforceable and not infringed.

On May 7, 2007, Cisco filed a Reply to Telcordia's Counterclaims. (D.I. 8). Cisco denies that the Cisco patents are invalid or unenforceable. Cisco also asserts that Telcordia's counterclaims are barred because they fail to state a claim on which relief can be granted and because Telcordia has not suffered, and will not suffer, any detriment, injury or damage.

## III.   IDENTIFICATION OF ISSUES

To the extent known and understood at this early stage in the proceedings, the principal factual and legal issues in dispute in this matter are typical of those in most patent cases and include the following:

      a)    infringement of one or more claims of the patents in suit;

      b)    willful infringement of one or more claims of the patents in suit;

      c)    validity of the claims of the patents in suit;

      d)    enforceability of the patents in suit;

      e)    the defenses set forth in Telcordia's Answer and Counterclaims as summarized in section II above;

      f)      the amount of damages should Telcordia be found liable;

      g)      injunctive relief, if any, should Telcordia be found liable; and

      h)      any further relief, including, without limitation, an award of attorneys' fees and costs under, *inter alia*, 35 U.S.C. § 285 to either Cisco or Telcordia

## IV.   NARROWING OF ISSUES

### A.   Can the issues in litigation be narrowed by agreement or by motions?

At the present time, the parties are unable to narrow the issues in litigation by agreement. The parties contemplate being able to narrow the issues by eliminating claims and/or defenses, and by requesting permission to file summary judgment motions consistent with the Court's rules and the schedule set forth in section XII.B below.

### B.   Are there dispositive or partially dispositive issues appropriate for decision on motion?

At the present time, the parties have not identified any dispositive or partially dispositive issues for decision on motion prior to discovery.

## V.   RELIEF

### A.   What specific relief does plaintiff seek?

Cisco seeks a permanent injunction, prohibiting Telcordia's continued infringement of the Cisco patents. Cisco further seeks damages amounting to a reasonable royalty for infringement of its patents, trebled or increased damages due to the Telcordia's willful infringement of the Cisco patents, and pre- and post-judgment interest on its damages awards. Cisco also seeks an award of its attorneys' fees, costs, and expenses.

**B. What is the amount of damages sought and generally how is it computed?**

At this stage of the proceedings, Cisco believes, and Telcordia does not dispute, that it is premature to identify the amount of damages sought. Cisco seeks damages in the form of a reasonable royalty as applied to each infringing product and/or process made, sold, offered for sale, used, or imported into the United States, either directly or indirectly, by Telcordia.

## VI. AMENDMENT OF PLEADINGS

The parties are not aware of any amendments needed to the pleadings at this time, but reserve the right to amend their pleadings by stipulation and/or leave of the Court should the need arise.

## VII. JOINDER OF PARTIES

The parties are not aware of any additional parties that need to or should be joined in this action at this time, but reserve the right to join additional parties by stipulation and/or by leave of the Court should the need arise.

## VIII. DISCOVERY

**A. Discovery contemplated by each party and the amount of time it may take to complete discovery?**

Discovery related to the infringement issues in this case will likely be directed to the design, specifications, structures, functions, and uses of the accused products. That discovery will likely be directed to Telcordia as well as to third-party suppliers of components for the accused products.

Discovery related to the patent validity and enforceability issues will likely be directed to the conception and reduction to practice of the inventions disclosed in the Cisco

patents and the prosecution of the applications that resulted in the Cisco patents before the U.S. Patent and Trademark Office, and Cisco's and/or third-party prior art activities.

Discovery related to the damages issues in this case will likely be directed to the parties' licensing experience, practices, strategies, and interactions between the parties, as well as to records reflecting the manufacture, use, sales, offers for sale, and importation into the United States of the accused products and Telcordia's revenues and profits from those activities.

As for the amount of time it may take to complete discovery, see the proposed discovery schedule set forth in section XII.B below.

### B. Can discovery be limited?

At the present time, the parties do not believe that discovery can be limited.

### C. Are less costly and time-consuming methods available to obtain necessary information?

The parties do not believe that other less costly or time-consuming methods are available for the exchange of discovery materials.

## IX. ESTIMATED TRIAL LENGTH

### A. Is it feasible or desirable to bifurcate issues for trial?

The parties agree that it may be premature to address the order or structure of the trial at this early stage. The parties respectfully request two weeks of trial.

### B. Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?

The parties will work together on ways to reduce the length of trial to the extent possible. At this early stage, it is premature to identify which means the parties may utilize to accomplish this goal.

## X.   JURY TRIAL

Both parties have requested a jury trial on all issues so triable.

## XI.   SETTLEMENT

### A.   Have there been settlement discussions?

The parties have periodically engaged in settlement discussions to try to reach a global resolution of their disputes. The parties anticipate having further discussions, however no settlement has be reached at this time.

### B.   What are the prospects for settlement?

To date, the parties have been unable to resolve their differences.

### C.   Is referral to the Magistrate for mediation or other ADR mechanism appropriate?

The parties believe that discussing settlement before the Magistrate Judge and/or a mediator would be appropriate.

## XII.   OTHER MATTERS

### A.   Protective Order

Because confidential information will have to be exchanged in this action, the parties agree that a protective order will be necessary and will attempt to agree on the form of such an order.

### B.   Scheduling

The parties propose the following additional scheduling terms:

1. Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) will be exchanged on or before August 14, 2007.

2. The parties will complete fact discovery by July 15, 2008.

3.  On or before March 4, 2008, the parties shall exchange a list of disputed claim terms. On or before March 25, 2008, the parties shall exchange proposed definitions for the disputed claim terms. On or before April 8, 2008, the parties shall meet and confer regarding those disputed claim terms in an effort to narrow the issues for resolution by the Court. Opening claim construction briefs shall be filed on or before May 13, 2008. All answering briefs shall be filed on or before May 27, 2008.

4.  The parties will serve opening expert reports on issues for which they bear the burden of proof on or before August 26, 2008, responsive expert reports will be due on or before September 23, 2008, and reply expert reports, if necessary, will be due on or before October 7, 2008.

5.  The parties will complete expert discovery, including depositions of experts, on or before November 18, 2008.

6.  The parties will submit any letter briefs seeking permission to file summary judgment motions on or before December 2, 2008, answering letter briefs will be filed within fourteen (14) days thereafter, and reply letter briefs will be filed within ten (10) days thereafter.

7.  Should the Court permit the filing of summary judgment motions, an opening brief and supporting affidavits, if any, shall be served and filed within fifteen (15) days after the Court permits such motion, the answering brief and supporting affidavits shall be filed within fifteen (15) days after service of the opening brief, and the reply shall be filed within fifteen (15) days after service of the answering brief.

8.  On or before December 2, 2008, the parties shall submit a joint agenda identifying any *Daubert* issues that they anticipate raising.

9. At least thirty (30) days before a joint pretrial order in a case is due, Cisco will send a draft pretrial order to Telcordia, and Telcordia will provide comments and additional information to Cisco at least fifteen (15) days before the joint pretrial order is due.

10. Opening briefs on all motions *in limine* shall be filed on or before six (6) weeks prior to the Pretrial Conference. All answering briefs on all motion in limine shall be filed within fourteen (14) days from filing of the opening briefs. All reply briefs on all motions *in limine* shall be filed within seven (7) days from filing of the answering briefs.

11. Discovery Matters:

a) The parties agree that each side should be permitted to serve up to 25 interrogatories on the other side.

b) The parties agree that each side should be permitted to propound up to 100 requests for admission on the other side.

c) The parties agree that each side should be permitted up to 70 hours of on-the-record deposition time.

## XIII. STATEMENT THAT COUNSEL HAVE CONFERRED ABOUT EACH OF THE ABOVE MATTERS:

Counsel for the parties have conferred about each of the agenda items set forth in the Court's Notice of Rule 16 Scheduling Conference (D.I. 9).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Jack B. Blumenfeld (No. 1014)
Leslie A. Polizoti (No. 4299)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Plaintiffs*
*Cisco Systems, Inc. and Cisco Technology, Inc.*

*Of Counsel:*
Matthew D. Powers
Edward R. Reines
WEIL, GOTSHAL & MANGES
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Paul E. Torchia
WEIL, GOTSHAL & MANGES
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (No. 2114)
John G. Day (No. 2403)
Tiffany Geyer Lydon (No. 3950)
500 Delaware Ave., 8th Fl.
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
*Attorneys for Defendant*
*Telcordia Technologies, Inc.*

*Of Counsel:*
Donald R. Dunner
Vincent P. Kovalick
FINNEGAN, HENDERSON,
FARABOW, GARRETT &
DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: July 23, 2007