**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CISCO SYSTEMS, INC., and<br>CISCO TECHNOLOGY, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 07-113-GMS |
| v. | ) | |
| | ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CISCO SYSTEMS, INC.'S AND CISCO TECHNOLOGY, INC.'S FIRST NOTICE OF DEPOSITION OF TELCORDIA TECHNOLOGIES, INC. PURSUANT TO RULE 30(B)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (collectively, "Cisco") will take the deposition of Defendant Telcordia on March 31, 2008 at 9:00 a.m. at the offices of Weil, Gotshal & Manges, 1300 Eye Street NW, Suite 900, Washington DC 20005 or another mutually convenient location. The deposition will be taken before a certified court reporter or other person authorized to administer oaths. The deposition will be recorded by videotape and by stenographic means. The deposition will continue from day to day until completed. Telcordia shall designate one or more officers, directors, employees, or managing agents, pursuant to Rule 30(b)(6), who consent to appear and testify on its behalf regarding the matters set forth in Schedule A.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (No. 1014)
Leslie A. Polizoti (No. 4299)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
lpolizoti@mnat.com

*Attorneys for Plaintiffs*
*Cisco Systems, Inc. and Cisco Technology, Inc.*

*Of Counsel:*

Matthew D. Powers
Edward R. Reines
Sonal N. Mehta
WEIL, GOTSHAL & MANGES
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

Paul E. Torchia
WEIL, GOTSHAL & MANGES
767 Fifth Avenue
New York, NY  10153
(212)  310-8000

March 24, 2008
2166784

## SCHEDULE A

## DEFINITIONS

1.      "Cisco" means Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (collectively, "Cisco"), their predecessors and successors, past and present parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

2.      "Telcordia," "you," and "your" means Defendant Telcordia Technologies, Inc., its predecessors and successors, including, but not limited to, Bell Communications Research, Inc. ("Bellcore"), its past and present parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

3.      "The '988 Patent" means U.S. Patent No. 6,377,988 and the applications that led to that patent.

4.      "Communication" means any form of oral or written interchange, whether in person, by telephone, by facsimile, by telex, by electronic email, or by any other medium.

5.      "Document" shall be interpreted to the full extent permitted by the Federal Rules of Civil Procedure and includes, without limitation, e-mail, files stored on electronic media, copies of letters, notes and records of telephone conversations, intra-corporate communications, minutes, bulletins, specifications, instructions, advertisements, literature, patents, patent applications, specification sheets and diagrams, work assignments, reports, memoranda, memoranda of conversations, notes, notebooks, drafts, data sheets, work sheets,

contracts and agreements, memoranda of agreements, assignments, licenses, sublicenses, opinions and reports of experts and consultants, books of account, orders, invoices, statements, bills, checks and vouchers, brochures, photographs, drawings, charts, catalogs, pamphlets, magazines, copies of magazines, decals, world-wide web and/or internet postings, trade letters, notices and announcements, and press releases, and all other printed, written, recorded, taped, electronic, graphic, computerized printout or other tangible materials of whatever kind known to, or in the possession, custody, or control of Telcordia. A draft or non-identical copy is a separate document within the meaning of this term.

6.      The words "any," "all," and "each" shall mean any, all, each, and every.

## TOPICS

1.      The identity of all products and services planned, designed, made, used, sold, offered for sale, imported, exported, leased, licensed or distributed by or for Telcordia in the United States that control a plurality of the elements of a telecommunications network by converting one or more instructions in one or more nonspecific, universal or generic protocol(s) to one or more instructions in a different protocol related to or compatible with a specific element or defined group of elements, and transmit those converted instructions to that element or defined group of elements, including without limitation the Telcordia NMA System CE via Telcordia Element Communicator or OCS

2.      For each product or service that falls within the scope of Topic 1 above, the design, development, evaluation, testing, structure, characteristics and operation (actual or intended) of that product or service.

3.      For each product or service that falls within the scope of Topic 1 above, the installation, setup, maintenance and customer support for that product and service.

2

4.    Telcordia's knowledge of the '988 Patent, including but not limited to, the date Telcordia first became aware of the '988 Patent and the circumstances surrounding Telcordia's first awareness of the '988 Patent.

5.    Telcordia's licensing policies and practices and licenses (both inbound and outbound), including without limitation, relating to products or services falling within the scope of Topic No. 1 above.

6.    The manufacture, use, sale, importation, license, lease or offer for sale of each product or service falling within the scope of Topic No. 1 above since January 1, 2001, including without limitation each such act categorized by year and by product type and name; the identity of any third party or individual that purchased, licensed, leased or otherwise obtained rights to each such product or service since January 1, 2001; the unit and dollar volume of Telcordia sales of each such product or service since January 1, 2001; the profits and/or losses for Telcordia sales of each such product or service since January 1, 2001; and on a per unit basis, the fixed cost, incremental cost, revenues, gross profit (or loss), incremental gross profit (or loss), net profit, and net profit after taxes for each such product since January 1, 2001.

7.    The identity of individuals with knowledge of each of the previous topics.

8.    The identification of documents relating to each of the previous topics.

3

**CERTIFICATE OF SERVICE**

I certify that on March 24, 2008 I electronically filed the foregoing with the Clerk

of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Tiffany Geyer Lydon, Esquire
> ASHBY & GEDDES

I further certify that I caused copies to be served upon the following on March 24,

2008 in the manner indicated:

**BY E-MAIL**

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE  19801

Donald R. Dunner
Vincent P. Kovalick
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001

Jack B. Blumenfeld (#1014)