## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS, INC. and<br>CISCO TECHNOLOGY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TELCORDIA TECHNOLOGIES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. NO. 07-113-GMS<br>)<br>)<br>)<br>)<br>)<br>) |

### TELCORDIA TECHNOLOGIES, INC.'S NOTICE OF DEPOSITION
### AND SUBPOENA DUCES TECUM TO LARRY S. NIXON

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, and as directed by the United States District Court subpoena attached hereto, Larry S. Nixon, is instructed to produce and permit inspection and copying of the Documents and Things set forth in the Schedule A to the attached subpoena at the office of Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., 901 New York Avenue, Washington, D.C. 20001, on March 31, 2008, or at such other time, date and place as the parties mutually agree in writing.

Pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, and the United States District Court for the District of Delaware Local Rules, Defendant Telcordia Technologies, Inc. ("Telcordia"), by and through its attorneys, will take the oral deposition of Larry S. Nixon with regard to the subject matter set forth in Schedule B to the attached subpoena. The deposition will commence at 9:30 a.m. on March 31, 2008, at the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., 901 New York Avenue N.W., Washington, D.C. 20001, or at such other time, date and place as the parties mutually agree in

writing.  The deposition will be taken before an officer authorized to administer oaths, and will

be recorded by audio, stenographic, real time recording and/or videographic means.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888

*Of Counsel:*

*Attorneys for Defendant*
*Telcordia Technologies, Inc*

Vincent P. Kovalick
FINNEGAN, HENDERSON,
FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001
(202) 408-4000

Dated:  March 27, 2008

Issued by the
## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA

CISCO SYSTEMS, INC. and
CISCO TECHNOLOGY, INC.,

v.

TELCORDIA TECHNOLOGIES, INC.

**SUBPOENA IN A CIVIL CASE**
CASE NUMBER:  07-113-GMS
DISTRICT OF DELAWARE

> TO:  Larry S. Nixon
> Nixon & Vanderhye, P.C.
> 901 North Glebe Road
> 11th Floor
> Arlington, VA  22203

  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify on the topics set forth in Schedule B at the taking of a deposition in the above case pursuant to Rule 30 of the Federal Rules of Civil Procedure.

| PLACE OF DEPOSITION<br>**Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.**<br>**901 New York Avenue, N.W.**<br>**Washington, D.C. 20001** | PROPOSED DATE AND TIME<br><br>**March 31, 2008**<br>**9:30 A.M.** |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:  See Schedule A.

| PLACE<br>**Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.**<br>**901 New York Avenue, N.W.**<br>**Washington, D.C. 20001** | PROPOSED DATE AND TIME<br><br>**March 31, 2008**<br>**9:30 A.M.** |
|---|---|

❏  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

  Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE<br>_Tiffany Heyer Lydon_ Attorney for Telcordia Technologies, Inc. | DATE<br>March 27, 2008 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br><br>Tiffany Geyer Lydon, Ashby & Geddes, 500 Delaware Ave., 8th Floor, P.O. Box 1150, Wilmington, DE  19899<br>(302) 654-1888 | |

{00204705;v1}

# PROOF OF SERVICE

| DATE OF SERVICE | PLACE OF SERVICE |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

# DECLARATION OF SERVER

I declare under penalty of perjury the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty and appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or f the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the part in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS AND INSTRUCTIONS

1.      The term "Defendant" or "Telcordia" means Telcordia Technologies, Inc. and their present officers, employees, agents, consultants, and representatives.

2.      The term "British Telecommunications" means British Telecommunications plc, and its present and former officers, employees, agents, representatives, and any other division or subsidiary or division not specifically named herein.

3.      The term "the '988 Patent" shall mean and refer to United States Patent No. 6,377,988 B1.

4.      The term "Mr. Nixon" shall mean and refer to Larry S. Nixon, Esq., as identified in the Prosecution History of United States Application No. 08/0836301.

5.      The term "Mr. Gill" shall mean and refer to Updeep S. Gill, Esq., as identified in the Prosecution History of United States Application No. 08/0836301.

6.      The term "Mr. Spector" shall mean and refer to Adam Spector, one of the alleged inventors named in United States Patent No. 6,377,988 B1, entitled "Controlling Elements of a Telecommunications Network."

7.      The term "Mr. Abraham" shall mean and refer to Paul Abraham, one of the alleged inventors named in United States Patent No. 6,377,988 B1, entitled "Controlling Elements of a Telecommunications Network."

8.      The term "document" shall mean and include the original, whether available in hard copy or on floppy disk or hard drive, and each non-identical copy (whether different from the original by means of notes made on such copy or otherwise) of any handwritten, typewritten, printed, recorded, transcribed, punched, taped, photocopied, photostatic, telexed, filmed, microfilmed, or otherwise prepared matter, however produced or reproduced, which is in your possession,

custody or control, including, but not limited to, all invoices, purchase orders, letters, correspondence, memoranda, telegrams, telexes, cables, or minutes of meetings or conversations (personal or telephonic), reports, summaries, notes, surveys, analyses, studies, ledgers, journals and other formal or informal books of record or account, bulletins, announcements, manuals, instructions, agreements, legal documents, notebooks and writings of every description, including designs, drawings, graphs, charts, photographs, films, slides, proofs, recordings, electronic mail (including any electronic mail subject to electronic retrieval but not currently in paper form), computer tapes and printouts and other data or compilations from which information can be obtained and translated, if necessary, by yon in usable form.

9.    The term "communication" shall mean any transmission or exchange of information between two or more persons, orally or in writing, and includes without limitation any document, conversation or discussion, whether face to face or by means of telephone, telegram, telex, telecopier, electronic mail or other media.

10.    The term "Concerning" means relating to, referring to, describing, evidencing, or otherwise constituting the information.

11.    With respect to those documents claimed to be in whole or in part privileged or subject to immunity from production (*e.g.*, attorney-client privilege, work product), identify in writing, on or before the date of production, with specificity, the nature, date, and author of any such document, the names of all persons to or by whom such document was directed, addressed or received, the subject matter of such document, the present custodian of the document and the nature of the privilege or immunity being claimed.

12.    A Stipulated Protective Order in this action provides third parties with the right to designate documents as confidential (see attached Exhibit 1).

13.    If a document is produced in redacted form, state with particularity the reason(s) it was not produced in full, and describe generally those portions of the documents that are not being produced.

14.    Pursuant to Federal Rule of Civil Procedure 26(e), this document request is to be regarded as continuing.  You are under an obligation to reveal any new information that comes to your attention if the new information indicates that a prior response was either incorrect when made or is no longer accurate or complete.

<u>SCHEDULE A</u>

The foregoing DEFINITIONS AND INSTRUCTIONS are incorporated by reference as though fully set forth herein. You shall produce the following categories of documents pursuant to the attached subpoena:

1.     Documents concerning all facts and circumstances relating to where, when, how, and by whom the subject matter of the claims of United States Patent No. 6,377,988 B1 ("the '988 patent") was first alleged to have been invented, including but not limited to the conception and reduction to practice (actual or constructive) of each claim, diligence in reducing to practice, as well as the first time the alleged invention was known or used by others in the United States, patented or described in a printed publication anywhere in the world, put in public use in the United States, offered for sale in the United States, and disclosed to any person not employed by British Telecommunications.

2.     Documents concerning the filing and prosecution of Application No. 08/836,301, and any counterparts thereof.

3.     Documents concerning the filing and prosecution of International PCT Application No. PCT/GB95/02167, and any counterparts thereof.

4.     Documents concerning attorney docket nos. 36-1023, A24850/US, A24850/WO, and/or A24850.

5.     Documents concerning patent reference WO93/18598, as identified in United States Patent No. 6,377,988 B1, entitled "Controlling Elements of a Telecommunications Network."

6.     Documents concerning United State Patent No. 5,533,116, as identified in the Prosecution History of Application No. 08/0836301.

7.     Documents concerning the use of the alleged inventions of the '988 patent, as disclosed and/or claimed in the '988 patent, prior to June 11, 1997.

8.     Documents concerning the development, testing, experimental use, and/or demonstration of any product embodied and/or claimed in the '988 patent, prior to June 11, 1997.

.     9.     Documents concerning communications between Mr. Nixon, Mr. Gill, Mr. Spector, Mr. Abraham and/or British Telecommunications concerning or relating to the '988 Patent, including but not limited to Application Nos. 08/836,301 or PCT/GB95/02167, and prosecution of the same.

<u>**SCHEDULE B**</u>

The foregoing DEFINITIONS AND INSTRUCTIONS are incorporated by reference as though fully set forth herein.

1.     All facts and circumstances relating to where, when, how, and by whom the subject matter of the claims of U.S. Patent No. 6,377,988 ("the '988 patent") was first alleged to have been invented, including but not limited to the conception and reduction to practice (actual or constructive) of each claim, diligence in reducing to practice, as well as the first time the alleged invention was known or used by others in the United States, patented or described in a printed publication anywhere in the world, put in public use in the United States, offered for sale in the United States, and disclosed to any person not employed by British Telecommunications.

2.     The filing and prosecution of Application No. 08/836,301, which resulted in the issuance of the '988 patent, and any counterparts thereof.

3.     The filing and prosecution of International PCT Application No. PCT/GB95/02167, and any counterparts thereof.

4.     The filing and prosecution of documents concerning attorney docket nos. 36-1023, A24850/US, A24850/WO, and/or A24850.

5.     The development, design, testing, experimental use, demonstration and/or operation of any British Telecommunications products or other products as disclosed and/or claimed in the '988 patent, prior to June 11, 1997.

6.     The use of the alleged invention of the '988 patent by British Telecommunications and/or others in products as disclosed and/or claimed in the '988 patent, prior to June 11, 1997.

7.    Successful or unsuccessful attempts by British Telecommunications to license the '988 patent.

8.    Patents filed prior to June 11, 1997, concerning controlling elements of a telecommunications network.

9.    Documents publicly available prior to June 11, 1997, concerning control of elements of a telecommunications network.

10.    The identity, location, and authenticity of documents and other tangible things constituting evidence relating to the categories set forth in topics 1 through 9 above.

11.    The identity and location of witnesses knowledgeable about the categories set forth in paragraphs 1 through 10 above.

12.    The genuineness and authenticity of the documents produced pursuant to Telcordia's subpoena as set forth in Schedule A.

# Exhibit 1
# (Stipulated Protective Order)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS, INC., and<br>CISCO TECHNOLOGY, INC., | )<br>) |
| | ) Civil Action No.  07-113-GMS |
| Plaintiffs, | ) |
| v. | )<br>) |
| TELCORDIA TECHNOLOGIES, INC., | )<br>) |
| Defendant. | ) |

**STIPULATED PROTECTIVE ORDER**

The parties to this litigation desire to hold confidential and limit the disclosure of certain trade secret or other confidential financial, technical, or commercial information which may be produced during discovery or trial of this action.  Accordingly, pursuant to FEDERAL RULE OF CIVIL PROCEDURE RULE 26(c), it is hereby STIPULATED by and between the parties to the above-captioned litigation through their respective counsel, and ORDERED and DECREED that the following Protective Order be entered to give effect to the agreed-upon terms and conditions, as follows:

1.      Definitions:

      1.1     "Cisco" means Cisco Systems Inc. and Cisco Technology, Inc., and their divisions, subsidiaries, affiliates, predecessors, and successors-in-interest.

      1.2     "Telcordia" means Telcordia Technologies Inc., and its divisions, subsidiaries, affiliates, predecessors and successors-in-interest.

      1.3     The term "Designating Party" means Cisco, Telcordia, or any non-party producing documents or information under this Protective Order.  The terms

"party" or "parties" mean Cisco, Telcordia, and any non-party where applicable to enable such non-party to protect its "Confidential" Material.

1.4    The term "Confidential" Material means any information that a Designating Party believes in good faith contains any trade secret or other confidential research, development, or commercial information within the meaning of FEDERAL RULE OF CIVIL PROCEDURE 26(c)(7), and which the Designating Party designates as "Confidential." Confidential Material shall not include:

1.4.1    information that is in the public domain at the time of disclosure;

1.4.2    information which after disclosure is published or becomes part of the public domain through no fault of a party receiving information under this Protective Order, but only after it is published or comes into the public domain;

1.4.3    information that is in the possession of a party receiving such information without any confidentiality obligations at the time of disclosure; or

1.4.4    information disclosed by a third party that is not subject to any confidentiality obligations at the time of disclosure.

1.5    "Document" shall have the broadest meaning permitted by Rule 34(a) of the Federal Rules of Civil Procedure.

2.    This Protective Order is applicable to Cisco on the one side, and Telcordia on the other side, and to any non-party producing documents or information under this Protective Order, solely in connection with any proceeding or action between the parties and for no other purpose. It is expressly ordered that this Protective Order will not, in any manner, be disclosed to the jury

2

in the above-captioned litigation. It is further ordered that this Protective Order will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this case, save and except a hearing which involves issues related to the enforcement of any provision of this Protective Order. It is further ordered that this provision is absolutely and completely essential to this Protective Order and that this paragraph is not severable from any remaining paragraph or provision of this Protective Order.

3.      Except as otherwise provided below, any document, data, thing, deposition testimony, response to a request to admit, or interrogatory answer produced, given, or served pursuant to discovery requests in this litigation and designated by the producing party as "Confidential," or any information contained in or derived from any of such Material, shall be subject to the provisions of this Protective Order until further order of the Court. Nothing in this Protective Order shall permit one party to designate documents produced by any other unaffiliated party as "Confidential," or otherwise subject those documents to the provisions of this Protective Order, so long as the document in question is not a document originally of the party desiring to designate it, or a summary thereof, or derived therefrom. Moreover, a designation by a party that any Material is "Confidential" shall be done consistent with Paragraph 1.4.

4.      The following rules shall govern the designation of Material as "Confidential."

    4.1     Material shall be designated as "Confidential" by stamping the legend "Confidential" on each page thereof as to which confidentiality is claimed. The party designating any information as "Confidential" shall have the duty and responsibility to designate and mark the Material containing that information as such. All copies of Material stamped "Confidential" shall again be stamped

3

"Confidential" if the duplicating process by which copies of such Materials are made does not reproduce the original stamp.

4.2    Orally conveyed information may be designated as "Confidential" provided that it is so designated at the time of disclosure and provided further that the disclosing party confirms the scope of the "Confidential" disclosure in writing to the receiving party within ten (10) days of such disclosure.

4.3    With respect to materials produced for inspection by a party, the producing party need not designate the Material by stamping or labeling it "Confidential" until the inspecting party requests copies of the materials.  Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, attorney-client privilege, or work product immunity, and all materials provided for inspection shall be treated as though designated "Confidential" at the time of the inspection.

4.4    Any party may designate a deposition or portion thereof as "Confidential" by denominating by page and line those portions of the deposition which are to be considered "Confidential" within thirty (30) days of receiving the transcript and so informing all other parties of such designation.  Until the 30-day period to designate deposition testimony as "Confidential" has passed, the deposition transcript shall be treated as "Confidential" in its entirety.  Additionally, a party may orally designate testimony as "Confidential" during the course of the deposition, in which case the court reporter shall transcribe the pages so designated in a separate volume marked "Confidential."    Any portion or

4

separately bound volume of a deposition so designated shall not be filed with the Court, except in accordance with paragraph 15 of this Protective Order.

4.5     With respect to any Material designated as "Confidential" that is not produced in paper form (such as diskettes, magnetic media, and other Material not produced in paper form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing party shall, to the extent practicable, produce such Material with a cover labeled "Confidential" and shall inform all counsel in writing of the "Confidential" designation of such Material at the time such Material is produced.

4.6     A Designating Party that inadvertently fails to mark any information as "Confidential" may later give written notice to the receiving party that the information is "Confidential" and should be treated as such in accordance with the provisions of this Protective Order.   Such notice shall be accompanied by appropriately marked substitute copies of such information.   From the date the receiving party receives such notice, it must treat such information as "Confidential," and, within five (5) days, it must return or destroy the unmarked information and all copies thereof.   The receiving party's disclosure of such information prior to receipt of such notice to persons not authorized to receive Material shall not be deemed a violation of this Protective Order.   However, the receiving party must (i) advise unauthorized persons to whom disclosure was made that the Material is "Confidential," and (ii) must inform them that the Material should now be treated in accordance with the provisions of this Protective Order.

5

5.     For "Confidential" Material produced on diskettes, magnetic or electronic media, and other non-paper methods, only persons falling under paragraphs 7.1 may create paper versions of the media (by printing or other means) produced by the opposing party.  If any person shall print or otherwise create paper copies of non-paper versions of Material of another party that is designated as "Confidential," such person shall timely mark such documents with the appropriate "Confidential" stamp prior to distributing such Material.

6.     Notwithstanding the provisions of paragraph 4.4, witnesses or other persons may attend depositions pursuant to the Federal Rules of Civil Procedure or by agreement of the parties. However, unless such witness or person is entitled to review "Confidential" Material, that witness or person must leave the room before any disclosure or discussion of any Material that the witness or person is not entitled to review.  Moreover, each party must inform the opposing party at least 24 hours in advance of a deposition regarding any witness or other person not entitled to review "Confidential" Material that they intend to attend at the deposition.

7.     Persons Permitted to Receive Certain Information

     7.1     No "Confidential" Material subject to this Protective Order, or extracts or summaries or Material derived therefrom, shall be given or shown to any person except the following:

          7.1.1     Outside attorneys for any party engaged in the litigation of this action, and the employees of such attorneys, as well as outside reproduction, translation, and document management services retained by the outside attorneys for any party.

6

7.1.2    Persons not employees of any party who are expressly retained to assist such party's counsel ("Retaining Counsel") in the preparation of this action for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons (collectively, "Outside Experts"), after such Outside Expert has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit A, and subject to the provisions of Paragraph 10.

7.1.3    The Court, other court officials (including court reporters) and the trier of fact, pursuant to a motion requesting the material be sealed in accordance with this Protective Order.

7.1.4    A person listed on a document constituting or containing the Material, as an author, addressee, or recipient of such document.

7.1.5    Graphics or design services retained by counsel for a party for purposes of preparing demonstratives or other exhibits for deposition, trial or other court proceedings in this action; jury or trial consulting services retained by a party in this action; or mock jurors retained by a party in this action, excluding individuals who are employees of a named party.

8.    No person allowed to view "Confidential" Material shall use such "Confidential" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of any proceeding or action between the parties and for no other purpose, and each such person shall take all steps reasonably necessary to protect the confidentiality of the Material.

7

9.      If any party wishes to disclose another party's "Confidential" Material to any person not described in paragraph 7.1 above, that party must notify the Designating Party in writing and provide (1) the name of the person to whom the "Confidential" Material is to be disclosed and (2) a description of the Material proposed to be disclosed to such person.  The Designating Party must, within seven (7) days, notify the party wishing to disclose the information of its objections, if any, to the disclosure.  If the Designating Party objects to the disclosure, the party wishing to disclose the information must seek relief pursuant to the dispute resolution process outlined in paragraph 3(a) of the Scheduling Order, requesting permission to disclose the identified Material to the named person within seven (7) days of receiving the Designating Party's objections.  If relief is timely sought, such Material shall not be disclosed to the named person pending a decision by the Court.  If no relief is sought within the 7-day period, the protection afforded "Confidential" Material by this Protective Order shall continue as to the Material described in the moving party's notice given pursuant to this paragraph.  Any person who becomes authorized to receive "Confidential" Material pursuant to this paragraph shall, prior to the receipt of Material, execute and deliver to counsel a statement in the form annexed hereto as Exhibit A.  Disclosures made to all persons to whom disclosures are permitted hereunder shall he made subject to and in accordance with the terms of this Protective Order.

10.     Prior to showing any "Confidential" Material of the Designating Party to any of the individuals identified in Paragraph 7.1.2, the party proposing the disclosure shall serve on the Designating Party (i) a written notice identifying such individual and stating such individual's present occupation, employer and position, and any other business affiliation for the past 10-years; (ii) an up-to-date copy of such individual's curriculum vitae; and (iii) a copy of the undertaking in Exhibit A executed by such individual.  The Designating Party shall have seven

(7) days to object to the disclosure of its "Confidential" Material to such individual.  If at the end of the 7-day period, no written objection has been received by the party that wishes to disclose the "Confidential" Material, then the individual may receive copies of such "Confidential" Material upon compliance with all applicable provisions of this Protective Order.   If the Designating Party objects to the disclosure of its "Confidential" Material to such individual, the Designating Party must seek relief pursuant to the dispute resolution process outlined in paragraph 3(a) of the Scheduling Order within seven (7) days after written receipt from the party proposing the disclosure that it disagrees with the Designating Party's objection.  If relief is sought in conformity with this paragraph, no disclosure to a person subject to the dispute may occur unless and until the Court rules otherwise, or the parties agree otherwise.  Under no circumstances shall any individual referenced in Paragraph 7.1.2 be allowed to review any "Confidential" Material unless such individual has executed a copy of Exhibit "A."

11.     If a Receiving Party receives a subpoena or other compulsory process from a non-party seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process.  If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party.  In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

12.    Material that contains a Designating Party's source code may be designated as "Confidential-Source Code" or "Highly Confidential-Source Code."

13.    All protections applicable to "Confidential" material are also applicable to "Highly Confidential-Source Code" material.  Additionally, the following protections apply to "Highly Confidential-Source Code" material.

     13.1    Any Designating Party (including Cisco and/or any non-party producing documents or information under this Protective Order) producing "Highly Confidential-Source Code" Material to Telcordia will make relevant "Highly Confidential-Source Code" Material available for inspection on a computer in Washington, D.C.  Such inspection may occur in the office of the outside attorneys of the Designating Party or at any other mutually agreeable location in Washington, D.C.  Any Designating Party (including Telcordia and/or any non-party producing documents or information under this Protective Order) producing "Highly Confidential-Source Code" Material to Cisco will make relevant "Highly Confidential-Source Code" Material available for inspection on a computer in Palo Alto, CA.  Such inspection may occur in the office of the outside attorneys of the Designating Party or at any other mutually agreeable location in Palo Alto, CA.

     13.2    Access to information designated "Highly Confidential-Source Code" shall be limited to those persons set forth in paragraphs 7.1.1 through 7.1.5.

     13.3    Source code inspection may be conducted during normal business hours, 9 am to 5 pm local time, Monday through Friday (excluding holidays), and other days and/or times upon reasonable request.

13.4   Each computer will be connected to a printer.   At least 24 hours prior to inspection, the Designating Party will explain the format of the source code, and will describe the software that will be made available on the computer during inspection.   The Designating Party will comply with any reasonable request to make specific software available on the computer during inspection.   During the source code inspection, the receiving party's outside attorneys may print reasonable portions of relevant source code.   The printed portions of the "Highly Confidential-Source Code" Material may not be taken from the location of the inspection by the receiving party's outside attorneys or the authorized individuals under paragraph 13.2.   Instead, the Designating Party's outside attorneys will produce a paper copy of the portions of the "Highly Confidential-Source Code" Material printed during the source code inspection.   The Designating Party's outside attorneys will promptly give these paper copies production numbers and ship them for overnight delivery to the receiving party's outside attorneys within two (2) days of the source code inspection.   The Designating Party will consider any reasonable request that it expedite its production of paper copies of these relevant portions of the "Highly Confidential-Source Code" Material.   No electronic copies of the "Highly Confidential-Source Code" Material will be produced, unless the designating party consents to such production.

13.5   Any and all "Highly Confidential-Source Code" Material produced to the receiving party shall be maintained in the sole custody and control of the receiving party's outside counsel of record in the United States ("Source Code Custodian").

13.6   The receiving party's outside attorneys may make working paper copies of the "Highly Confidential-Source Code" Material produced by the Designating Party; however, no electronic copies of the paper copies may be made by the receiving party's outside attorneys or authorized individuals under paragraph 13.2 working with the receiving party's outside attorneys.

13.7   Any working paper copies of such "Highly Confidential-Source Code" Material shall be stored and viewed only within the United States at: (a) at most two designated United States offices of the Source Code Custodian; (b) the sites where any depositions relating to the source code arc taken for the dates associated with the taking of the deposition; (c) the Court; (d) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition); or (e) the offices of an Outside Expert. Any and all such copies of "Highly Confidential-Source Code" Material shall be maintained in a secured, locked area. For each and every copy, including working paper copies, of any "Highly Confidential-Source Code" Material, or any portion of any such material, the Source Code Custodian shall maintain a log detailing the location of the copy.

13.8   The receiving party's outside attorneys may share working paper copies of the "Highly Confidential-Source Code" Material with individuals under paragraph 13.2, however, the receiving party's outside attorneys must keep a log of the number of working paper copies of the "Highly Confidential-Source Code" Material made, when the copies were made, and to whom they were provided and when they were provided to that person, and at the conclusion of the litigation, the receiving party's outside attorneys must produce the log and all paper copies of

12

the Designating Party's "Highly Confidential-Source Code" Material to the Designating Party's outside attorneys, and persons to who the paper copies of the "Highly Confidential-Source Code" Material were provided must certify in writing that all copies of the "Highly Confidential-Source Code" Material have been returned to the receiving party's outside attorneys.

13.9   The source code inspection may be supervised by the Designating Party's outside attorneys and/or others working with such counsel in a manner that will not interfere with the receiving party's confidential communications or otherwise invade the receiving party's attorney work product.

13.10  The receiving party's outside attorneys must give at least 2 business day's and 48 hours' notice to the Designating Party's outside attorneys that it will be sending an authorized individual under paragraph 13.2 to inspect the "Highly Confidential-Source Code" Material.

13.11  The receiving party may use paper copies of "Highly Confidential-Source Code" Material produced pursuant to paragraph 13.4 at depositions of persons authorized to review the "Highly Confidential-Source Code" Material under paragraph 13.2. The Designating Party will consider any reasonable request by the receiving party that it make an electronic copy of "Highly Confidential-Source Code" Material available at depositions of persons authorized to review the "Highly Confidential-Source Code" Material under paragraph 13.2, but the receiving party's outside attorneys must give the Designating Party's outside attorneys at least 3 business day's and 72 hours' notice that it would like the electronic copy of "Highly Confidential-Source Code" Material to be made available at the deposition.  The

13

Designating Party shall not unreasonably deny a request pursuant to this paragraph.

13.12    The outside counsel for the receiving party shall notify the Designating Party within 24 hours of becoming aware of any loss, theft, or unauthorized copying of the "Highly Confidential-Source Code" Material.

14.    All protections applicable to "Confidential" material are also applicable to "Confidential-Source Code" material. Additionally, the following protections apply to "Confidential-Source Code" material.

14.1    "Confidential-Source Code" material will be produced on CDs in electronically searchable format. The source code may only be accessed from the CDs on a password-protected, non-networked computer under the exclusive control of the Outside Expert or counsel authorized to view the CDs. Printing of "Confidential-Source Code" is permitted only with a contemporaneously generated or applied label indicating that the printed material is "Confidential-Source Code" Material subject to Protective Order. Any printed "Confidential-Source Code" Material that the receiving party plans to use for any purpose in the litigation must be produced by the receiving party back to the Designating Party bearing sequential production numbers. Printed "Confidential-Source Code" Material remains subject to the provisions of this paragraph.

14.2    Access to information designated "Confidential-Source Code" shall be limited to those persons set forth in paragraphs 7.1.1 through 7.1.5.

14.3    Any and all "Confidential-Source Code" Material produced to the receiving party

shall be maintained in the sole custody and control of the receiving party's outside

counsel of record in the United States ("Source Code Custodian").

14.4    The receiving party's outside attorneys may make working copies of the CDs

containing "Confidential-Source Code" Material.   Any working copies of such

"Confidential-Source Code" Material shall be stored and viewed only within the

United States at: (a) at most two designated United States offices of the Source

Code Custodian; (b) the sites where any depositions relating to the source code

are taken for the dates associated with the taking of the deposition; (c) the Court;

(d) any intermediate location reasonably necessary to transport the information

(e.g., a hotel prior to a deposition); or (e) the offices of an Outside Expert.   Any

and all such copies of "Confidential-Source Code" Material shall be maintained in

a secured, locked area.   For each and every copy of any "Confidential-Source

Code" Material, or any portion of any such material, the Source Code Custodian

shall maintain a log detailing the location of the copy.   The log must track the

number of working copies of the "Confidential-Source Code" Material, when the

copies were made, and to whom they were provided and when they were provided

to that person, and at the conclusion of the litigation, the receiving party's outside

attorneys must produce the log and all copies of the Designating Party's

"Confidential-Source Code" Material to the Designating Party's outside attorneys,

and persons to who the copies of the "Confidential-Source Code" Material were

provided must certify in writing that all copies of the "Confidential-Source Code"

Material have been returned to the receiving party's outside attorneys.

15

14.5    The receiving party may use copies of "Confidential-Source Code" Material produced pursuant to paragraph 14.1 at depositions of persons authorized to review the "Confidential-Source Code" Material under paragraph 14.2.

14.6    The outside counsel for the receiving party shall notify the Designating Party within 24 hours of becoming aware of any loss, theft, or unauthorized copying of the "Confidential-Source Code" Material.

15.    If any party believes that any Material which has been designated by any other party as "Confidential," "Confidential-Source Code," or "Highly Confidential-Source Code" is not properly subject to the confidentiality provisions of this Protective Order, that party may so notify the Designating Party in writing and provide a description of the Material which the objecting party believes should be freed from the constraints of this Protective Order, and serve such notice on lead counsel for all other parties herein. Such description shall specifically identify each document and the reason that party believes the designation should be changed. The Designating Party must, within seven (7) days, respond to the objecting party by either agreeing to change the confidentiality designation or setting forth its reasons for maintaining the designation. If the Designating Party does not change the designation, the objecting party must then seek relief, following the dispute resolution process outlined in paragraph 3(a) of the Scheduling Order, requesting the de-designation of the disputed Material within seven (7) days from receiving the Designating Party's response. The designating party shall bear the burden of justifying the designation of the disputed Material. If such relief is timely sought, the protection afforded by this Protective Order shall continue until a decision is made by the Court. If no relief is sought within the 7-day period, the prior designation shall continue as to the Material described in the objecting party's notice given pursuant to this paragraph.

16

16.    No "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material shall be disclosed in a deposition to a person not authorized to receive it under this Protective Order absent agreement of the parties.  During the deposition of an employee of a party, nothing in this Protective Order shall require such employee to sign Exhibit "A" prior to being shown his or her employer's "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material.

17.    Nothing in this Protective Order shall restrict the Designating Party from using for any purpose or disclosing in any manner to anyone its own "Confidential," "Confidential-Source Code," or "Highly Confidential-Source Code" Material, and nothing in this Protective Order shall require any person receiving "Confidential," "Confidential-Source Code," or "Highly Confidential-Source Code" Material directly from the Designating Party to sign Exhibit "A" prior to being shown the "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material.

18.    Except for use in trial, in the event that any "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential Source Code" Material that is subject to the provisions of this Protective Order is contained in motions, briefs, or other documents filed with the Court, such document shall be filed under seal and shall be maintained under seal according to the terms of this Stipulated Protective Order or as otherwise determined by the Court.  Any such filing shall be filed in accordance with the provisions of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means dated January 2005, or as subsequently amended.

19.    Any Material designated as "Confidential," "Confidential-Source Code," or "Highly Confidential-Source Code" may not be offered into evidence at trial or any other proceeding

17

unless the Designating Party is given reasonable notice, an opportunity to object and to seek a protective order. For the purposes of trial, designation of information in the pre-trial order shall be considered to be sufficient notice to a party with respect to the information referenced therein. When counsel for any party deems that any question or line of questioning during trial or any other proceeding may call for the disclosure of material designated as "Confidential," "Confidential-Source Code," or "Highly Confidential-Source Code," counsel may designate on the record that the testimony is deemed "Confidential." Whenever Material designated as "Confidential," "Confidential-Source Code," or "Highly Confidential-Source Code" is to be discussed at trial or any other proceeding, the Designating Party may request the Court to exclude from the room any person not entitled to receive such information as described under paragraph 7 of this Protective Order.

20.   This Protective Order shall not be deemed a waiver of:

    20.1   any party's right to object to any discovery requests on any ground;

    20.2   any party's right to seek an order compelling discovery with respect to any discovery request;

    20.3   any party's right in any proceeding or action herein to object to the admission of any evidence on any ground;

    20.4   any party's right to use and disclose its own documents and its own "Confidential," "Confidential-Source Code," or "Highly Confidential-Source Code" Material in its sole and complete discretion; or

    20.5   the status of any Material as a trade secret.

21.    The provisions of this Protective Order shall continue in effect with respect to any "Confidential" Material, "Confidential-Source Code," or "Highly Confidential-Source Code" until expressly released by the Designating Party of such Material.   Any party may move the Court to amend any portion of this Protective Order, including amendment to permit actual trial witnesses access to trial exhibits and transcripts of testimony that are reasonably necessary to assist such witnesses in preparation for that testimony.   Unless otherwise agreed by the Designating Party, within sixty (60) days of the final determination of this action (within thirty (30) days for all "Confidential-Source Code" or "Highly Confidential-Source Code" Material), each party shall return all "Confidential" Material, "Confidential-Source Code" Material, and "Highly Confidential-Source Code" Material of any other party in its possession or control, and all copies, derivations and summaries thereof, to the Designating Party, or certify that all such documents have been destroyed, except that the attorneys of record for each party may retain one archival copy or sample of the Material designated as "Confidential" for reference in the event of a dispute over the use or dissemination of information, and may retain or destroy at their option any document which includes or reflects attorney work product, and may also retain file copies of any briefs or other papers (or exhibits thereto) served or filed in the action, even though such papers incorporate or include "Confidential" Material.   The attorneys of record for each party may not retain any archival copies or samples of Material designated "Confidential-Source Code" or "Highly Confidential-Source Code."   For purposes of this Protective Order, the "final determination of this action" shall be deemed to be the later of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this action; or (iii) the expiration of all time limits under the applicable law for the filing of or application for all appeals, rehearings, remands, trials or

19

reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. The terms of this Protective Order shall survive and remain in full force after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

22.     Counsel for the parties to whom "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order and for securing execution of and retaining the statement attached hereto as Exhibit A when required under the provisions of this Protective Order.

23.     If a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege, common interest privilege, or work product immunity, the producing party may give written notice to the receiving party that the document is subject to a claim of attorney-client privilege, common interest privilege, or work product immunity and request that the document be returned to the producing party. The receiving party shall return to the producing party all copies of such document and shall return or destroy all excerpts and summaries thereof. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege, common interest privilege or work product immunity, nor shall it foreclose the receiving party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege, common

interest privilege, or work product immunity or should be produced for reasons other than a waiver caused merely by the inadvertent production. The inadvertent disclosure of any privileged documents shall not be deemed a waiver of that privilege as to any other documents, testimony or evidence.

24.    This Protective Order may be modified or amended either by agreement of the parties or by order of the Court upon good cause shown.

SO ORDERED.

SIGNED this _____ day of _____, 2007

_____
Honorable Gregory M. Sleet
Chief Judge, United States District Court for the
District of Delaware

AGREED TO AND APPROVED FOR ENTRY:

MORRIS, NICHOLS, ARSHT & TUNNELL LLP          ASHBY & GEDDES

*/s/ Jack B. Blumenfeld (No. 1014)*          */s/ John G. Day (No. 2403)*
Jack B. Blumenfeld (No. 1014)                Steven J. Balick (No. 2114)
Leslie A. Polizoti (No. 4299)                John G. Day (No. 2403)
1201 North Market Street                     Tiffany Geyer Lydon (No. 3950)
P.O. Box 1347                                500 Delaware Avenue
Wilmington, DE 19899-1347                    8th Floor
jblumenfeld@mnat.com                         P.O. Box 1150
(302) 658-9200                               Wilmington, DE 19899
*Attorneys for Plaintiffs*                   (302) 658-1888
*Cisco Systems, Inc. and Cisco Technology, Inc.*   *Attorneys for Telcordia Technologies, Inc.*

Of Counsel:                                  Of Counsel:

Matthew D. Powers                            Vincent P. Kovalick
Edward R. Reines                             FINNEGAN,    HENDERSON,    FARABOW,
Sonal N. Mehta                               GARRETT & DUNNER, L.L.P.
WEIL, GOTSHAL & MANGES                       901 New York Avenue, N.W.
201 Redwood Shores Parkway                   Washington, D.C. 20001
Redwood Shores, CA 94065                     (202) 408-4000
(650) 802-3000

Paul E. Torchia
WEIL, GOTSHAL & MANGES
767 Fifth Avenue
New York, NY  10153
(212)  310-8000


September 6, 2007
1228678

# EXHIBIT A

EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC., and | ) | |
| CISCO TECHNOLOGY, INC., | ) | |
| | ) | Civil Action No.  07-113-GMS |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

1.      I have received a copy of, am familiar with and agree to be bound by the terms of the Protective Order in the above-captioned litigation.

2.      I will not reveal the contents of "Confidential" Material or "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material to any unauthorized person under the terms of the Protective Order.

3.      I will not use "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material for any other purpose other than testifying or assisting the attorneys in any proceeding or action between the parties and for no other reason.

4.      I will only make such copies of or notes concerning documents designated "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material as are necessary to enable me to render the assistance required in connection with this litigation. All such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction and I will destroy such notes during or upon completion of this litigation.

5.    When requested, I will return all information designated as "Confidential," "Confidential-Source Code," and "Highly Confidential-Source Code" in my possession, including any surviving documents and things which I may prepare relating to any such information.

6.    I submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order against me in this action.

SIGNED this _____ day of _____, 200_

_____

Name: _____

(print name)

**Full docket text:**
SO ORDERED, re [19] Proposed Order filed by Cisco Technology Inc., Telcordia Technologies Inc., Cisco Systems Inc. Ordered by Judge Gregory M. Sleet on 9/7/2007. (asw)

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 03/26/2008 16:06:36 | | |
| PACER Login: | fh0018 | Client Code: | 01333.8076-00000/6523 |
| Description: | History/Documents | Search Criteria: | 1:07-cv-00113-GMS |
| Billable Pages: | 1 | Cost: | 0.08 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of March, 2008, the attached **TELCORDIA**

**TECHNOLOGIES, INC.'S NOTICE OF DEPOSITION AND SUBPOENA** *DUCES*

*TECUM* **TO LARRY S. NIXON** was served upon the below-named counsel of record at the

address and in the manner indicated:


Jack B. Blumenfeld, Esquire                                              <u>HAND DELIVERY</u>
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE  19899-1347


Matthew D. Powers, Esquire                                        <u>VIA ELECTRONIC MAIL</u>
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065


Paul E. Torchia, Esquire                                              <u>VIA ELECTRONIC MAIL</u>
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153



*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

179743.1