IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS, INC., and<br>CISCO TECHNOLOGY, INC.,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>TELCORDIA TECHNOLOGIES, INC,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 07-113 GMS<br>)<br>)<br>)<br>)<br>) |

## ORDER CONSTRUING THE TERMS OF U.S. PATENT NO. 5,142,622

After having considered the submissions of the parties and hearing oral argument on the matter, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, as used in the asserted claims of U.S. Patent No. 5,142,622 (the "'622 patent"):

1.  The term "socket" is construed to mean "an application program interface (API) that was developed for the Berkeley version of AT&T's UNIX operating system for interconnecting applications running on data processing systems in a network. It is an object that identifies a communication end point in a network, can be connected to other sockets, and hides the protocol fo the network architecture beneath a lower layer."[1]

---

[1] "[A] patentee may choose to be his own lexicographer and use terms in a manner other than their ordinary meaning, as long as the special definition of the term is clearly stated in the patent specification or file history." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996) (citations omitted); See '622 patent, Col 2, ll. 23-35 ("The term 'sockets' is an application program interface (API) that was developed for the Berkeley version of AT&T's UNIX operating system for interconnecting applications running on data processing systems in a network. The term socket is used to define an object that identifies a communication end point in a network. A socket can be connected to other sockets. Data can go into a socket via the underlying protocol of the socket, and be directed to appear at another socket. A socket hides the protocol of the network architecture beneath a lower layer. This lower layer may be a stream connection model (virtual circuit) or a datagram model (packet) or another model."); see D.I. 45,

Dated: June 30, 2008                                    /s/ Gregory M. Sleet
                                                                            CHIEF, UNITED STATES DISTRICT JUDGE

---

Ex. 3 at A33 (prosecution history where the patentee clearly informs the patent examiner that the work socket "has a *precise meaning* set forth in Applicant's Specification, page 3, line 26, through page 4, lines 1-9," which corresponds to the definition set forth in column 2, lines 23-35 of the '622 patent) (emphasis added). The doctrine of claim differentiation also supports the court's construction of "socket." The plaintiff contends that the term "socket" means "an object that identifies a communication end point in a network." (See D.I. 42.) When the patent applicant wanted to claim a communication end point object, he did so by using that specific term in the claim. (See, e.g., Claim 1.) The patentee used the term "socket," however, in different claims to impart a different meaning and scope. Thus, the term "socket," as used in the '622 patent, cannot merely mean a communication end point object as the plaintiff contends.