# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

July 10, 2008

**BY ELECTRONIC FILING**

Redacted Version
Original Filing Date: July 10, 2008
Redacted Filing Date: July 17, 2008

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

Re:   *Cisco v. Telcordia*, C.A. No. 07-113 (GMS)

Dear Chief Judge Sleet:

      Plaintiffs Cisco Systems and Cisco Technologies (collectively "Cisco") respectfully request permission to file a motion for summary judgment that the accused products are not prior art to the '622 and '988 patents.

      Telcordia alleges that its prior use and/or sales of the accused NMA and Element Communicator products invalidate the asserted claims of the patents-in-suit. *See* Ex. 1 [Telcordia Resp. to Interrogatory No. 6].[1] Telcordia cannot prevail on these invalidity defenses because it cannot provide legally adequate supporting evidence. Courts have long held that oral testimony is "insufficient as a matter of law to establish invalidity" because "such testimony alone cannot surmount the hurdle that the clear and convincing evidence standard imposes in proving patent invalidity." *See, Finnigan Corp v. United States Int'l Trade Comm'n*, 180 F.3d 1354, 1369 (1999). Thus, defendants must provide corroborating evidence of prior use or sale. *Id.* The corroboration requirement also applies to priority disputes under all paragraphs of § 102. *Id.* at 1367. As explained below, however, Telcordia has failed to provide such evidence despite ample motivation – and opportunity – to do so.

      Telcordia cannot show that the accused features of the NMA product are prior art to either the '622 patent or the '988 patent. The '622 patent claims priority to 1989, and the '988 patent claims priority to November 10, 1994. Although some versions of Telcordia NMA may have been sold in the late 80s and early 90s, like almost all software sold during that time period,

---

[1]     Telcordia's Supplemental Response to Cisco Interrogatory No. 6 states that "Telcordia submits that at least the accused NMA and Elcom products predate the patent filing dates and therefore invalidate the asserted claims of the '988 Patent and the '622 Patent to the extent Cisco suggests that those products infringe."

The Honorable Gregory M. Sleet
Page 2
July 10, 2008

those versions have been substantially modified over the years to include many new functionalities and features.[2] Telcordia apparently alleges that the accused features in this case were present in NMA version 3.2, which was released in 1991. Telcordia relies solely on the 30(b)(6) testimony of longtime employee Donald McGowan to support this contention. According to Mr. McGowan,

## REDACTED

Mr. McGowan's uncorroborated testimony is legally inadequate to establish the invalidity of either the '622 or the '988 patents. As to the '622 patent, Mr. McGowan gave no testimony that an accused NMA feature predated the patent's 1989 priority date. With respect to the '988 patent, Mr. McGowan's testimony regarding the alleged 1991 use and/or sale is uncorroborated and thus is legally inadequate. *See Finnigan*, 180 F.3d at 1369. The Court should grant summary judgment that the NMA product does not invalidate the claims of either the '622 or '988 patents.

Similarly, Telcordia cannot support its allegation that the accused features of the Telcordia Element Communicator product are prior art to the patents-in-suit. Telcordia has simply failed to provide *any* evidence (oral, written, or otherwise) supporting its contention that the accused features of Element Communicator were in public use or one sale before the priority dates of the '622 or '988 patents. Given this total failure of proof, the Court should grant Cisco summary judgment.

Respectfully,

*Jack Blumenfeld*

Jack B. Blumenfeld

JBB
cc:   Peter T. Dalleo, Clerk (By Hand)
      Edward R. Reines, Esquire (By Email)
      Steven J. Balick, Esquire (By Hand and Email)
      Vincent P. Kovalick, Esquire (By Email)

2405566

## REDACTED

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC., and<br>CISCO TECHNOLOGY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TELCORDIA TECHNOLOGIES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-113-GMS |

## TELCORDIA TECHNOLOGIES, INC.'S FIRST SUPPLEMENTAL RESPONSES TO CISCO'S FIRST SET OF INTERROGATORIES (NOS. 1 – 4, 6, AND 7)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and subject to the objections set forth below, Defendant Telcordia Technologies, Inc. ("Defendant" or "Telcordia") hereby serves its First Supplemental Objections and Responses to Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc.'s (collectively, "Plaintiffs" or "Cisco") First Set of Interrogatories (Nos. 1-4 and 6-8).

## GENERAL OBJECTIONS

The following General Objections and Statements apply to each and every of Plaintiffs' numbered Interrogatories and are incorporated by reference as part of Telcordia's response to each of those Interrogatories.

1. Telcordia objects to, and does not accept or agree with the Definitions and Instructions provided by Plaintiffs, except to the extent those Definitions and Instructions specifically conform to the requirements of the Federal Rules of Civil Procedure and the applicable case law developed thereunder. Additionally, Telcordia objects to Plaintiffs'

### FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:

Subject to and in addition to the foregoing objections and responses, Telcordia provides the following additional information. Telcordia incorporates its objections and responses from its first supplemental responses to Interrogatory Nos. 1 and 2. To the extent Telcordia could understand Interrogatory Nos. 1 and 2, Telcordia has not identified any responsive products, and as such, Telcordia cannot state a total quantity of product, a gross or net revenue, or profits derived from each such alleged activity. Although Telcordia cannot identify products that correspond to the above-recited accused functionalities, information in response to this interrogatory for Telcordia products identified in Cisco's Complaint and its interrogatory responses may be gleaned from documents that Telcordia will produce, to the extent any exist, pursuant to Fed. R. Civ. P. 33(d). The burden for deriving or ascertaining information from any such documents and locating and identifying documents in response to this interrogatory is substantially the same for Cisco as for Telcordia.

### INTERROGATORY NO. 6:

Separately for each claim of each Patent-in-Suit that Telcordia contends is invalid under 35 U.S.C. §§ 102 and/or 103, identify each prior art reference that Telcordia contends is invalidating, either separately or in combination, explain the basis for that contention, and identify all documents related thereto and persons with knowledge thereof.

### RESPONSE TO INTERROGATORY NO. 6:

In addition to its General Objections, Telcordia objects to this Interrogatory as prematurely calling for contentions. Cisco has not even identified which claims it is asserting, and the parties have not discussed the construction of any claim limitations. Moreover, discovery has been limited and is incomplete. Thus, contention interrogatories are premature, unduly burdensome, and harassing at this stage of the litigation. Telcordia is willing to consider

a proposal whereby both parties exchange contentions according to a mutually agreed upon schedule.

Telcordia also objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Telcordia also objects to this Interrogatory as unduly burdensome and overly broad to the extent that it requests Telcordia to identify "all" documents and persons. Telcordia further objects to this request as being premature and unduly burdensome and overly broad to the extent it requires Telcordia at this time in the litigation to marshal all of its evidence before trial. Telcordia also objects to this Interrogatory as multi-part. In addition, Telcordia objects to this Interrogatory as improper to the extent it seeks legal or expert conclusions, or presents questions of pure law.

Subject to these and the General Objections, Telcordia submits that at least the accused NMA product predates the patent filing dates and would invalidate the claims to the extent Cisco suggests that they infringe.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Subject to and in addition to the foregoing objections and responses, Telcordia provides the following additional information. Telcordia maintains its objections to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Telcordia also maintains its objects to this Interrogatory as improper to the extent it seeks legal or expert conclusions, or presents questions of pure law.

Telcordia also maintains its objections to this Interrogatory as prematurely calling for contentions. The Court has not yet construed any asserted claim of the patents-in-suit. Moreover, discovery has been limited and is still incomplete. Telcordia's invalidity contentions

are based in whole or in part on its present understanding of the asserted claims of the patents-in-suit and/or the apparent constructions that Telcordia believes Cisco to be asserting based on Cisco's limited infringement contentions disclosed in its responses to Telcordia's First Set of Interrogatories, regardless of whether or not Telcordia agrees with such constructions. Accordingly, Telcordia's invalidity contentions set forth below are subject to modification, amendment, or supplementation.

Telcordia submits that at least the accused NMA and Elcom products predate the patent filing dates and therefore invalidate the asserted claims of the '988 Patent and the '622 Patent to the extent Cisco suggests that those products infringe. In addition, Telcordia submits that asserted claim 1 of U.S. Patent No. 6,377,988 ("the '988 Patent") is invalid as anticipated under 35 U.S.C. § 102 in view of the following prior art references: (1) Ballard et al., U.S. 4,937,825 (filed Jun. 15, 1988, issued Jun. 26 1990); (2) Gottschalk, <u>NetView Version 2 Release 3 Graphic Monitor Facility: Network management graphics support for the 1990s</u>, IBM Systems Journal, Vol. 31, No. 2 (1992), pp. 223-251; (3) Gray, U.S. 5,426,421 (filed Nov. 24, 1993, issued Jun. 20, 1995); (4) Hidekazu, JP Pub. No. 62035736A (filed Aug. 9, 1985, published Feb. 16, 1987); (5) Nihart et al., E.P. 0463764A2 (filed Jun. 11, 1991, published Jan. 2, 1992); (6) Smith, U.S. 5,193,152 (filed Apr. 24, 1992, issued Mar. 9, 1993); (7) Vesterinen, U.S. 5,533,116 (filed Nov. 7, 1994, issued Jul. 2, 1996); and (8) Vesterinen, WO 83/18598 (filed Mar. 10, 1993, published Sept. 16, 1993).

To the extent Cisco contends that any of the above-identified references are not anticipatory, Telcordia further submits that asserted claim 1 of the '988 Patent is invalid as obvious under 35 U.S.C. § 103 in view of any of the above-identified eight prior art references in view of one or more of the other above-identified prior art references and/or in combination with

what was known to a person of ordinary skill in the art. Telcordia also submits that asserted claim 1 of the '988 Patent is invalid as obvious under 35 U.S.C. § 103 in view of any of the above-identified eight prior art references in view of one or more of following additional references and/or in combination with what was known to a person of ordinary skill in the art: (1) Gurr et al., U.S. 4,419,667 (filed Aug. 6, 1982, issued Dec. 6, 1983); and (2) Tester et al., U.S. 5,583,928 (filed Aug. 17, 1993, issued Dec. 10, 1996).

Furthermore, Telcordia submits that asserted claim 7 of U.S. Patent No. 5,142,622 ("the '622 Patent") is invalid as anticipated under 35 U.S.C. § 102 in view of the following prior art references: (1) Benjamin et al., U.S. 4,677,588 (filed Nov. 14, 1983, issued Jun. 30, 1987); (2) Brown et al., U.S. 5,060,140 (filed Jan. 16, 1986, issued Oct. 22, 1991); (3) Chang et al., E.P. 0260458A2 (filed Aug. 18, 1987, published Mar. 23, 1988); (4) Francois, et al., Some Methods for Providing OSI transport in SNA, IBM J. Res. Develop., Vol. 27, No. 5 (1983), pp. 452-463; (5) G. A. Deaton, et al., X.25 and Related Recommendations in IBM Products, IBM Systems Journal, Vol. 22, Nos. 1/2 (1983) (6) Groenbaek, Inge, Conversion Between the TCP and ISO Transport Protocols as a Method of Achieving Interoperability Between Data Communication Systems, IEEE Journal of Selected Areas in Communications, Vol. SAC-4, No. 2 (March 1986); (7) McKay et al., U.S. 4,893,307 (filed Feb. 29, 1988, issued Jan. 9, 1990); (8) Narayanan, A Common Transport Based Approach to Network Interconnection, Computer Networks and ISN Systems 13 (1987), pp. 257-267; (9) Norstedt, U.S. 4,586,134 (filed Feb. 15, 1984, issued Apr. 29, 1986); (10) Seifert, Bridges and Routers, IEEE Network, Vol. 2, No. 1 (Jan. 1988), pp. 57-64; (11) Sy et al., OSI-SNA Interconnections, IBM Systems Journal, Vol. 26, No. 2 (1987), pp. 157-73; and (12) Yakubaitis et al., Analysis of Methods of Combining Wide-Area and Local Area Networks, Avtomatika i Vychislitel naya Tekhnika, Vol. 23, No. 1 (1989), pp. 3-10.

To the extent Cisco contends that any of the above-identified references are not anticipatory, Telcordia further submits that asserted claim 7 of the '622 Patent is invalid as obvious under 35 U.S.C. § 103 in view of any of the above-identified 12 prior art references in view of one or more of the other above-identified prior art references and/or in combination with what was known to a person of ordinary skill in the art. Telcordia also submits that asserted claim 7 of the '622 Patent is invalid as obvious under 35 U.S.C. § 103 in view of any of the above-identified 12 prior art references in view of one or more of following additional references and/or in combination with what was known to a person of ordinary skill in the art: (1) Barzilai et al., U.S. 4,736,369 (filed Jun. 13, 1986, issued Apr. 5, 1988); (2) Bishop et al., U.S. 4,901,231 (filed Dec. 22, 1986, issued Feb. 13, 1990); (3) Chang et al., U.S. 4,768,150 (filed Sep. 17, 1986, issued Aug. 30, 1988); (4) Harris et al., U.S. 4,631,666 (filed Oct. 25, 1982, issued Dec. 23, 1986); (5) Katzeff et al., U.S. 4,760,395 (filed Jun. 20, 1986, issued Jul. 26, 1988); (6) Lineback, Mainframe Server Links Ethernet to IBM'S SNA; (7) Martinez et al., Interconnection of Sytek Localnet 20 Networks through the Defense Data Network using Internet Protocol Gateways, TH0179-2/87/0000/0354 (1987), pp. 354-60; (8) Perlman et al., Choosing the Appropriate ISO Layer for LAN Interconnection, IEEE Network, Vol. 2, No. 1 (Jan. 1988), pp. 81-86; (9) Steddum, Front-end Solutions for Major Problems, Data Communications, (Oct. 1986), pp. 169-77.

The prior art references cited above may disclose the elements of the asserted claims either explicitly and/or inherently and/or may be relied upon to show the state of the art in the relevant timeframes. The suggested obviousness combinations are in the alternative to Telcordia's anticipation contentions and are not to be construed to suggest that any reference included in the combinations is not anticipatory. Telcordia is currently unaware of the extent, if

any, to which Cisco will contend that limitations of the claims at issue are not disclosed in the art identified by Telcordia as anticipatory. To the extent that an issue arises with respect to any such limitation, Telcordia reserves the right to identify other references and combinations, which may make obvious the addition of the allegedly missing limitation to the disclosed device or method of operation.

**INTERROGATORY NO. 7:**

Separately for each claim of each Patent-in-Suit that Telcordia contends is invalid under 35 U.S.C. § 112, explain the basis for that contention, including a full description of all facts (including documents related thereto and persons with knowledge thereof).

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to its General Objections, Telcordia objects to this Interrogatory as prematurely calling for contentions. Cisco has not even identified which claims it is asserting, and the parties have not discussed the construction of any claim limitations. Moreover, discovery has been limited and is incomplete. Thus, contention interrogatories are premature, unduly burdensome, and harassing at this stage of the litigation. Telcordia is willing to consider a proposal whereby both parties exchange contentions according to a mutually agreed upon schedule.

Furthermore, Telcordia objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Telcordia also objects to this Interrogatory as unduly burdensome and overly broad to the extent that it requests Telcordia to "all" facts, documents, and persons. Telcordia objects to this request as being premature and unduly burdensome and overly broad to the extent it requires Telcordia at this time in the litigation to marshal all of its evidence before trial. Telcordia also objects to this Interrogatory as improper to the extent it seeks legal or expert conclusions, or presents questions of pure law.

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April, 2008, the attached **TELCORDIA TECHNOLOGIES, INC.'S FIRST SUPPLEMENTAL RESPONSES TO CISCO'S FIRST SET OF INTERROGATORIES (NOS. 1 – 4, 6, AND 7)** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Jack B. Blumenfeld, Esquire<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19899-1347 | HAND DELIVERY |
| Matthew D. Powers, Esquire<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | VIA ELECTRONIC MAIL |
| Paul E. Torchia, Esquire<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | VIA ELECTRONIC MAIL |

/s/ Tiffany Geyer Lydon
Tiffany Geyer Lydon

179743.1

# EXHIBIT 2

ENTIRE EXHIBIT REDACTED