# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 Fax

JACK B. BLUMENFELD
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

July 31, 2008  - Original Filing Date
August 4, 2008 - Redacted Filing Date

**BY ELECTRONIC FILING**

**REDACTED - PUBLIC VERSION**

The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

Re:   *Cisco v. Telcordia*, C.A. No. 07-113-GMS

Dear Chief Judge Sleet:

At the core of Telcordia's July 24 letter is its citation to a handful of documents to supposedly support its argument that the accused products predate the patents-in-suit and thus constitute an invalidating public use under Telcordia's interpretation of Cisco's infringement allegations. Telcordia does not and cannot dispute that these documents were never identified as supporting its public use defense -- even after Cisco repeatedly pressed Telcordia to provide evidentiary support for this defense -- but surfaced only when Telcordia was faced with Cisco's request for summary judgment. Telcordia also cannot dispute that it does not itself believe that these documents are invalidating; rather, its public use theory is based entirely on its incorrect assumptions about the supposed scope of Cisco's infringement allegations.

Telcordia's belated citation to these documents is helpful in crystallizing the two legal questions at the heart of Cisco's request for summary judgment: whether Telcordia can escape summary judgment by (1) scrounging up evidence that it failed to present as required in discovery; and (2) claiming a public use of a functionality that Telcordia admittedly does not believe meets the claim limitations and that Cisco has not alleged meets those limitations. The answer to both questions is a resounding no. Telcordia's public use defense thus fails as a matter of law and Cisco's request for summary judgment should be granted.

**Telcordia's Belated Identification Of "Evidence" Does Not Preclude Summary Judgment**

Telcordia's opposition to Cisco's request for summary judgment is based on the odd premise that the oral testimony of Telcordia's witnesses can corroborate documents that it alleges support its public use defense. Not only does this premise flip the corroboration requirement on its head -- documents are required to corroborate oral testimony, not the other way around -- but it is all way too little too late.

The Honorable Gregory M. Sleet
Page 2 of 3
July 31, 2008

  As explained in Cisco's opening letter, Telcordia's interrogatory responses state that the accused products predate the patents-in-suit and thus invalidate them. Telcordia's contentions are limited to a single sentence, without any citation to evidence. Not only do these responses fail to provide any meaningful information as to Telcordia's contentions, but they reveal a fundamental flaw in Telcordia's public use defense. Telcordia's defense is based on the assertion that the certain *products* predate the patents-in-suit -- a fact which has essentially no legal significance -- but fail to provide any evidence that the accused *functionality* was present in those products before the critical dates of the patents.

  Faced with these unsupported and untenable assertions, Cisco repeatedly requested that Telcordia provide meaningful evidence that could support its otherwise unsupported, conditional allegation of invalidity. Each time, Telcordia refused. As a result, Cisco pursued 30(b)(6) depositions of Telcordia's witnesses to confirm that Telcordia's conditional defense had no evidentiary support, or if it did, to determine what that might me. This testimony confirmed that there was no legally adequate evidence to support Telcordia's theory. One of Telcordia's corporate designees testified that, to show a public use,

REDACTED

Telcordia's other designee provided even less information, admitting that he: (

REDACTED

  In short, even after having prepared to testify on Telcordia's behalf and having searched for evidence to support its public use defense, Telcordia's 30(b)(6) witnesses acknowledged that there was no evidence to support Telcordia's one-sentence public use contention other than their uncorroborated oral assertions that the software products have supposedly not changed over dozens of versions and nearly 20 years. This evidence fails as a matter of law.

---

[1] Telcordia attempts to explain Mr. McGowan's inability to locate documents predating 1995 by suggesting that he searched only for the oldest *electronic* copies of product documentation. In fact, to prepare for his testimony as Telcordia's corporate representative on these topics, he  -  REDACTED

  According to Mr. McGowan,

REDACTED

The Honorable Gregory M. Sleet
Page 3 of 3
July 31, 2008

**Even The Documents Telcordia Now Identifies Fail To Corroborate Its Public Use Defense**

Even if Telcordia were permitted to rely on evidence not disclosed in discovery, the documents it identifies do not corroborate at all its assertion that the accused functionality predates the critical date for the patents-in-suit.

At the outset, Telcordia concedes that it does not believe that the documentation to which it cites meets the elements of the asserted claims, asserting only a conditional public use defense. D.I. 51 at n.1. This concession alone defeats Telcordia's defense absent real proof that the limitations of the asserted claims are met by the alleged public use. *Zenith Elecs Corp. v. PDI Comm. Sys., Inc.*, 522 F.3d 1348, 1363-64 (Fed. Cir. 2008) ("[M]ere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity.").

Trying to have its cake and eat it too, Telcordia attempts to couch its public use defense in terms of Cisco's allegations. Telcordia ignores, however, Cisco's actual allegations, instead relying on phantom theories that it ascribes to Cisco. In reality, Cisco's allegations for the '988 Patent go to the "command macro" functionality in the accused software. Telcordia does not contend, let alone establish, that the documents to which it cites disclose this functionality. Instead, Telcordia's citations are all based on flawed assumptions about other functionalities. For example, Telcordia cites to a 1993 document relating to broadcast warning messages as disclosing the same functionality identified in Cisco's interrogatory responses. But those responses do not identify broadcast warning messages as infringing the '988 Patent and Cisco is not accusing them. Similarly, Telcordia cites to a 1992 document based on its assumption that "Cisco appears to suggest that the use of batch programming or an NMA scheduler feature could constitute an infringing act." Again, Cisco's contentions do not go to the mere use of batch programming or an NMA scheduler feature, but rather, to the use of command macros.[2]

For the same reasons, Telcordia's citation to a 1988 internal memorandum cannot preclude summary judgment on the '622 Patent. Telcordia argues, without any support, that "as of 1989, NMA facilities allowing communications to a network element were already deployed at several locations across the United States." Telcordia does not even argue, nor does this four-page memorandum suggest, that the NMA facilities that were deployed as of 1989 included NMA software that was the same as, or even similar to, that accused of infringement now. At best, this document reveals that *some* version of the NMA was deployed for *some* sort of communications with network elements. Given the absence of testimony on how the accused products evolved over time or when the accused functionalities were introduced, this document falls far short of raising a factual dispute sufficient to avoid summary judgment.

---

[2]  Telcordia also relies on a 1994 contract to support its position that the accused features were the subject of Section 102 events. Because Telcordia's citation to the 1994 contract relies on the same documents and functionalities described above, it is equally unavailing.

Respectfully,

*[signature]*

Jack B. Blumenfeld

cc: Peter T. Dalleo, Clerk (By Hand)
    Edward R. Reines, Esquire (By Email)
    Steven J. Balick, Esquire (By Hand and Email)
    Vincent P. Kovalick, Esquire (By Email)

2433666

# EXHIBIT 3

## FULLY REDACTED

# EXHIBIT 4

## FULLY REDACTED